{¶ 33} The majority opinion cites three reasons why the domestic violence statute is unconstitutional in light of the Defense of Marriage Amendment. Although I fully concur with the first two reasons, I cannot agree with the third because I do not believe the domestic violence statute "has arguably created * * * a legal status for relationships of unmarried individuals that intends to approximate the significance or effect of marriage." Majority opinion at ¶ 26. For the reasons I stated in State v.McKinley, 3d Dist. No. 8-05-14, 2006-Ohio-2507, I would find that the domestic violence statute does not create, but doesrecognize a legal status for cohabitants.
 {¶ 34} Whether a person is a cohabitant is a question of fact. The legal status of a cohabitant arises from the underlying relationship between the parties, not from the domestic violence statute. The Defense of Marriage Amendment uses the words "create" and "recognize" in the disjunctive, and we must presume that the voters and the General Assembly intended to use both words with their separate meanings. See Cleveland Tel. Co. v.City of Cleveland (1918), 98 Ohio St. 358, 121 N.E. 701. Therefore, I would find the domestic violence statute unconstitutional as applied because it recognizes a legal status for cohabitants in violation of the Defense of Marriage Amendment.